United States District Court
Southern District of Texas
**ENTERED**
June 24, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Eddie Marlow, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | Civil Action H-18-4862 |
| | § | |
| District Attorney's Office, | § | |
|    Respondent. | § | |

## Memorandum and Recommendation

Marlow filed his petition for writ of habeas corpus on December 31, 2018. He was in pretrial detention at the Harris County Jail when he filed it. He raised four grounds for relief: (1) the District Attorney's Office fabricated evidence to prosecute him; (2) he was charged with a felony instead of a misdemeanor; (3) the indictment alleged he had two prior offenses of family violence when he only had one; and (4) the grand jury indictment was based on a false accusation about his criminal history. He sought $1,000,000 in damages.

Marlow claims that he was released upon dismissal of the charges against him. (*See* D.E. 42.) The court confirmed his release. *See* Harris County Sheriff's Office Online Public District & County Jail Criminal Records Inquiry, https://www.harriscountyso.org/jailinfo/HCSO_FindSomeoneInJail.aspx (June 20, 2019, 9:54 AM) (search using SPN no. 01226099). While Marlow was in "custody" for purposes of 28 U.S.C. § 2254 when he filed his petition, his release renders his petition moot. *Kaltenbach v. Whitley*, 82 F.3d 414 (5th Cir. 1996) (unpublished). Because he was not convicted of the crime for which he was being held, Marlow will not suffer any collateral consequences due to his pretrial detention. Damages are

not available in a habeas action, and there is no other relief available. The court therefore recommends that Marlow's petition be dismissed as moot.

The parties have 14 days from service of this memorandum and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 24, 2019.

_____
Peter Bray
United States Magistrate Judge